**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD E. BROWN, | ) | CASE NO:    1:08 CV 1003 |
| | ) | |
| Petitioner, | ) | JUDGE POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| STUART HUDSON, WARDEN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Petitioner, Donald E. Brown ("Brown"), challenges the constitutionality of his conviction in the case of *State v. Brown*, Case No. CR04-4150(A), Summit County, Ohio Court of Common Pleas.  Brown filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 17, 2008 in the United States District Court for the Northern District of Ohio.  (Doc. No. 1.)  For the reasons set forth below, the Petition should be **DENIED**.

### I. PROCEDURAL HISTORY

**A.**     **Factual Background**

The Summit County Court of Appeals, Ninth Appellate District of Ohio, set forth the facts of this case on direct appeal.  These binding factual findings "shall be

presumed to be correct." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998):

> On November 29, 2004, Detective Matthew Hudak, a narcotics detective for the Barberton Police Department, received information from Special Agent Chuck Turner of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that there was drug activity at appellant's home which is located at 258 Green Street. Detective Hudak also received two other tips containing information that a truck and trailer with Georgia license plates would be at 258 Green Street to deliver drugs. Detective Hudak and Sergeant Morber of the Barberton Police Department began surveillance of appellant's home. After observing what they believed to be drug activity at appellant's home, the police obtained a search warrant for 258 Green Street based upon an affidavit by Detective Hudak. During the execution of the search warrant, six large bags of marijuana weighing over 20,000 grams and storage bags were found in appellant's garage. The police also found three guns and ammunition in appellant's home. The weapons were test fired and found to be operable.

(Exhibit 14, pp. 1-2)

### B. State Conviction

On December 10, 2004, a Summit County Grand Jury issued an indictment charging Brown with one count of trafficking in marijuana; one count of possession of marijuana; three counts of having weapons while under disability; one count of endangering children; one count of resisting arrest; and one count of criminal trespass. (Exhibit 1.)  Brown pled not guilty to the indictment.  Prior to trial, in January 2005, Brown, through counsel, filed a motion to suppress the evidence seized from his home. Brown argued it was the fruit of an illegal search and seizure. (Exhibit 2.)  The trial court held a hearing on the motion, after which the trial court denied Brown's motion. (Exhibit 3.)  Brown subsequently filed a supplemental motion to suppress, which the trial court also denied. (Exhibits 4 and 5.)

Meanwhile, on January 25, 2005, a supplemental indictment was issued against

Brown charging him with one count of receiving stolen property; one count of aggravated possession of drugs; one count of endangering children; and one count of possession of marijuana. (Exhibit 6.)  The matter proceeded to a jury trial.  On November 4, 2005, the jury found Brown guilty of trafficking in marijuana, possession of marijuana, three counts of having weapons while under disability, endangering children, criminal trespass, and possession of marijuana. (Exhibit 7.)  On January 6, 2006, the trial court sentenced Brown to a total of eleven years incarceration. (Exhibits 8 and 9.)

### C. Direct Appeal

On February 3, 2006, through new counsel, Brown filed a timely notice of appeal to the Ninth District Court of Appeals, Summit County, Ohio. (Exhibit 10.)  In his brief filed on July 22, 2006, Brown set forth the following assignments of error:

> 1. The trial court erred in denying the appellant's motions to suppress evidence, because the affidavit for the search warrant did not provide the magistrate with a substantial basis for concluding that probable cause existed.
>
> 2. The trial court erred in denying the appellant's motions to suppress evidence, because the search warrant could reasonably have described the items to be seized more precisely.
>
> 3. The trial court erred in denying the appellant's motion to suppress evidence, because the search may not be upheld based upon the good faith exception to the exclusionary rule.
>
> 4. The trial court erred in denying the appellant's motions for judgment of acquittal, because the evidence is insufficient to support the verdict, and in so doing, denied the appellant due process of law.

(Exhibit 11.)  The State filed a brief in opposition to Brown's assignments of error (Exhibit 12), to which Brown replied (Exhibit 13).  On December 20, 2006, the Court of Appeals overruled each assignment of error and affirmed the judgment of the trial court. (Exhibit 14.)

On January 29, 2007, Brown, through counsel, filed a timely notice of appeal in the Ohio Supreme Court. (Exhibit 18.)  Brown raised the following assignments of error:

> 1. The bare bones affidavit did not constitute probable cause to issue a search warrant.
>
> 2. The bare bones affidavit precluded application of the good faith exception to the exclusionary rule.

(Exhibit 19.)  The State filed a memorandum in opposition. (Exhibit 20.)  On April 18, 2007, the Supreme Court of Ohio denied Brown leave to appeal and dismissed the appeal as not involving any substantial constitutional questions. (Exhibit 21.)

### D. Federal Habeas Corpus

Brown, through counsel, filed the instant petition for a writ of habeas corpus on April 17, 2008, and asserted the following grounds for relief:

> Ground One: The petitioner's conviction is void or voidable due to violation of his constitutional right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.
> > Supporting Facts: Petitioner asserts that his federal constitutional right to be secure against unreasonable searches and seizures was violated when the trial court denied the petitioner's motions to suppress evidence, because the bare bones affidavit for the search warrant did not provide the magistrate with a substantial basis for concluding that probable cause existed.
>
> Ground Two: The petitioner's conviction is void or voidable due to violation of his constitutional right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.
> > Supporting Facts: Petitioner asserts that his federal constitutional right to be secure against unreasonable searches and seizures was violated when the trial court erred in denying petitioner's motions to suppress evidence, because the search warrant could reasonably have described the items to be seized more precisely.
>
> Ground Three: The petitioner's conviction is void or voidable due to violation of his constitutional right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.
> > Supporting Facts: Petitioner asserts that his federal constitutional right to

> be secure against unreasonable searches and seizures was violated when the trial court erred in denying petitioner's motions to suppress evidence, because the search may not be upheld based upon the Good Faith Exception to the Exclusionary Rule.
>
> Ground Four: The petitioner's conviction is void or voidable due to violation of his constitutional right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.
>> Supporting Facts: Petitioner asserts that his federal constitutional right to due process of law was violated when the trial court erred in denying petitioner's motions for judgment of acquittal, because the evidence is insufficient to support the verdict.

(Doc. No. 1.) On August 14, 2008, Respondent filed a Return of Writ. (Doc. No. 5.) Brown did not file a Traverse.

## II. JURISDICTION

Writs of habeas corpus may be granted by a district court within its respective geographic jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d). Brown was convicted in the Summit County Court of Common Pleas and filed his writ of habeas corpus in the Northern District of Ohio. Summit County, Ohio is within the Northern District of Ohio. Thus, this court has jurisdiction over Brown's petition.

District courts are also limited in their subject matter jurisdiction. Title 28 U.S.C. § 2254(a) provides in relevant part that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States." The writ is available "when the petitioner is in custody . . . and the detention is related to a claimed constitutional violation." *Kirby v. Dutton*, 794 F.2d 245, 256 (6th Cir. 1986). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In the instant action, Brown's first, second, and third grounds for relief are not cognizable under habeas review. In these grounds, Brown asserts that his rights under the Fourth Amendment were violated when the trial court erred in denying his motions to suppress evidence because: (1) the affidavit for the search warrant did not provide the magistrate with a substantial basis for concluding that probable cause existed (Ground One); (2) the search warrant could reasonably have described the items to be seized more precisely (Ground Two); and (3) the search may not be upheld based upon the good faith exception to the exclusionary rule (Ground Three).

Habeas corpus is not generally available on the ground of a violation of rights protected by the Fourth Amendment if the petitioner has had an opportunity to present the Fourth Amendment claims in state courts. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).

The determination as to whether a petitioner has had "an opportunity for full and fair litigation of a Fourth Amendment claim" requires

> a district court to make two distinct inquiries in habeas proceedings. Initially, the

district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). The Sixth Circuit has determined that "[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is . . . clearly adequate." *Id.* The habeas court must make the second inquiry, therefore, and determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

In the instant action, Brown fails to argue that he was denied a full and fair opportunity to litigate his Fourth Amendment claims. Brown only asserts that the search warrant lacked probable cause, that the search warrant failed to precisely describe the items to be seized, and that the good faith exception to the exclusionary rule did not apply to the search. Moreover, Brown exercised the state judicial procedures regarding his Fourth Amendment claim, including a fact-finding hearing regarding his motions to suppress, as well direct appeal of the denial of those motions. Therefore, no support exists for the assertions that the Ohio courts (1) denied Brown a full and fair opportunity to litigate his Fourth Amendment claims or (2) frustrated his presentation of those claims. As habeas relief is not available on the Fourth Amendment claims, it is recommended that Ground One, Two and Three be dismissed.

### III. Exhaustion and Procedural Default

Respondent asserts that Ground Four is procedurally defaulted and should be dismissed. Ground Four alleges that Petitioner's due process rights were violated because the evidence was insufficient to sustain a conviction.

As is well-established, two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground).  In procedurally defaulted cases, the state courts reject a direct or post-conviction appeal because the defendant failed to comply with a state procedural law or rule.

A court may excuse a  procedural default if the petitioner shows cause for the procedural default and prejudice resulting from the alleged error. *Maupin*, 785 F.2d at 138.  In addition, a court may notice an otherwise defaulted claim if a petitioner demonstrates "actual innocence."  This requires the petitioner to use  "new and reliable evidence that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 299 (1995),  to make a clear and convincing case that, but for a constitutional error, no reasonable juror would have found petitioner guilty of the crime*. Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, *see* 28 U.S.C. § 2254(b)(1)(A)(c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the

State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). Thus, state remedies are exhausted either when a petitioner has made proper use of all available state remedies for raising claims or when the petitioner has failed to use state remedies but no state remedies giving the right to raise petitioner's claims remain available. See *Coleman*, 501 U.S. at 732.

Federal courts will deem a petitioner's unexhausted claim defaulted if the petition cannot comply with the relevant procedural rules or is barred by res judicata. The federal court presumes that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. By declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The claim is then classified as procedurally defaulted and dismissed absent a showing of cause. See *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).

Respondent argues that Ground Four is procedurally defaulted. In Ground Four, Brown asserts insufficient evidence. Brown raised this ground on direct appeal in the court of appeals. However, Brown did not raise it in his subsequent appeal of the appellate court's decision to the Ohio Supreme Court.

Brown clearly failed to exhaust Ground Four, as he did not provide the Ohio Supreme Court a fair opportunity to review this ground. Brown has forfeited this claim because it is barred by *res judicata*, which applies to constitutional claims that could have been raised in a direct appeal. See, e.g., *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994) (holding that post-conviction relief is not available by virtue of the doctrine of *res judicata* to

address constitutional claims that could have been raised on direct appeal from the conviction and sentence).  Because Ground Four could have been raised before the Ohio Supreme Court but was not, his claim would now be barred in that court by *res judicata* and is considered procedurally defaulted.  See Murray, 477 U.S. at 485.

Brown does not assert cause for the procedural default nor actual innocence.  As such, it is recommended that Ground Four be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, Brown's petition for habeas relief should be **DENIED**.

Date: January 14, 2010                              s/ *Nancy A. Vecchiarelli*
                                                    United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**