# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DONALD E. BROWN,** ) | **Case No. 1:08 CV 1003** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **STUART HUDSON, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli ("R&R") (**ECF No. 8**), recommending that the Court dismiss the application for writ of habeas corpus filed by Petitioner Donald E. Brown pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") (**ECF No. 1**). Daniels is presently serving a sentence of eleven years based on jury convictions for drug-trafficking and drug possession, child endangering, having weapons while under a disability and criminal trespass. In the first three grounds for relief, Brown asserts that his rights under the Fourth Amendment were violated when the trial court denied his motion to suppress the evidence. The fourth ground for relief challenge the sufficiency of the evidence supporting his convictions. The Magistrate Judge recommends that the Court dismiss the first three grounds for relief because they are not cognizable on habeas review. (See ECF No. 8, at 6-7.) The Magistrate Judge recommends that the Court dismiss the fourth ground for relief because he failed to exhaust it in the state courts, the claim is now barred by *res judicata* and is procedurally defaulted. (See id., at 9-10.)

Under the relevant statute:

> Within <u>fourteen days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (2009) (emphasis added). The R&R was issued on January 14, 2010. The Magistrate Judge notified the Petitioner that any objections must be filed within fourteen days after the party has been served with a copy of the R&R. (See ECF No. 8, at 10.) The Petitioner is represented by counsel, who presumably received a copy of the R&R the day it was electronically filed. It is now 35 days since the Petitioner was served with the R&R, and he has neither filed an objection nor requested an extension of time to file one.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the thorough, well-written R&R and agrees with the Magistrate Judge's findings and recommendations for the reasons explained in detail therein. Accordingly, the Court hereby **ADOPTS** the R&R (**ECF No. 8**) and **DENIES** the § 2254 petition **(ECF No. 1)**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     February 19, 2010*
**Dan Aaron Polster**
**United States District Judge**